IN THE COUNTY COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE:       16-2011-SC-1125
DIVISION:   CC-G

DAVID HUNTER,
    Plaintiff,

vs.

WELLS FARGO BANK, N.A.,
a/k/a AMERICA'S SERVICING COMPANY
    Defendant.

3:11-cv-453-J-34 JRK

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, **DAVID HUNTER** [hereinafter Plaintiff] by and through undersigned counsel, and sues Defendant, **WELLS FARGO BANK, N.A.**, [hereinafter Defendant], and alleges:

### JURISDICTION AND VENUE

1.    This is an action for damages that does not exceed five thousand dollars ($5,000.00), exclusive of attorney's fees and costs.

2.    Jurisdiction and venue for purposes of this action are proper pursuant to Fla. Stat. §559.77.

3.    At all material times herein, Defendant's conduct complained of occurred in Jacksonville, DUVAL County, Florida.

4.    At all material times herein, the Defendant engaged in its usual and customary business within Florida and Jacksonville, DUVAL County, Florida.

## PARTIES

5. Plaintiff is a resident of DUVAL County, Florida.

6. Defendant is a banking institution doing business in DUVAL County, Florida.

7. At all times mentioned in this complaint, Plaintiff was a "debtor" or "consumer" as defined by Fla. Stat. §§559.55(2) and 501.203(7) and as that term is defined by 15 U.S.C. § 1692a(3)

8. At all times mentioned in this complaint, Defendant was a "creditor" as defined under Fla. Stat. §559.55 and a "debt collector" as that term is defined by 15 U.S.C. §1692a(6)

## FACTS COMMON TO ALL COUNTS

9. Plaintiff incurred a consumer debt to the Defendant regarding a mortgage for his home and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat..

10. Plaintiff became allegedly delinquent with the debt to the Defendant and began receiving collection calls from the Defendant under the name AMERICA'S SERVICING COMPANY.

11. On September 13, 2010, the Plaintiff retained Attorney Max Story to represent him regarding his debt with Wells Fargo Bank, N.A..

12. The next time Defendant called the Plaintiff, he notified the Defendant, that he was represented by attorney, Max Story, Esq., provided the Defendant with his attorney's contact information, and asked that he no longer be contacted by the Defendants or their agents.

13. Despite being on notice that Plaintiff was represented by an attorney, Defendant continued to call Plaintiff.

2

14. As of the date of the Complaint, February 25, 2011, Defendant has persisted to telephone Plaintiff directly multiple times a day. Specifically, he was called seven times on February 24, 2011.

15. The above-detailed conduct by the Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to all of the above mentioned provisions of the FDCPA and FCCPA and resulted in actual damages to this Plaintiff.

16. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused him unnecessary personal strain in his relationship with his family members.

17. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### COUNT ONE: FLORIDA FAIR DEBT COLLECTION VIOLATION

Plaintiff re-alleges paragraphs one (1) through seventeen (17) as if fully restated herein and further state as follows:

18. This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (Fla. Stat. §§559.55 to 559.785).

19. Defendant is and was subject to, and has violated provisions of Fla. Stat. §559.72 by:

a. Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such

3

attorney's name and address, unless the debtor's attorney fails to respond within a reasonable period of time to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication; or Fla. Stat. §559.72(18);

b.   Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family; Fla. Stat. §559.72(7);

20.   As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Fla. Stat. §559.77 including, but not limited to, emotional distress and fear, embarrassment, damage to his reputation and credit worthiness, and other damages. These damages have been incurred and will continue to be incurred in the future.

21.   Plaintiff has retained the undersigned attorney for the purposes of pursing this matter against Defendant and is obligated to pay said attorney a reasonable fee for his services. The Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2), provides for an award of attorney's fees should Plaintiff prevail in this matter.

WHEREFORE, Plaintiff, demands judgment against Defendant for damages, attorney's fees, costs, interest, and such other relief as this Court deems just and equitable.

## COUNT TWO

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

22. Plaintiff incorporates by reference paragraphs one (1) through seventeen (17) of this Complaint as though fully stated herein.

23. The Defendant is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA). § 15 USC 1692 803(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, **the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. (emphasis added).**

25. The Wells Fargo website admits that "America's Servicing Company" is a "generic label" used for the business." The Defendant, Wells Fargo used the fictitious name, "America's Servicing Company" to collect the debts for Wells Fargo from the Plaintiff.

26. For purposes of the claims brought in this action, the applicable standard under the FDCPA in the Eleventh Circuit is "the least sophisticated" consumer test. *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175 (11th Cir. 1985) (adopting the test enunciated in *Exposition Press Inc. v. FTC,* 295 F.2d 869 (2d Cir. 1961)). The principles underlying the FDCPA must be implemented for "the public— that vast multitude which includes the

5

ignorant, the unthinking and the credulous." *Jeter*, 760 F.2d at 1172-73 (internal citations omitted).

27.  During their collection communications, Defendant repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. §1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(2); Collector is not to contact the debtor after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address.

28.  The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and everyone of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

29.  As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Amended Complaint was sent via US Mail to April Y. Walker, Attorney At Law, CNL Center at City Commons, 450 S. Orange Avenue, Suite 500, Orlando, Florida 32801-3336.

MAX STORY, ESQ.
Florida Bar No. 527238
233 East Bay Street, Suite 920
Jacksonville, FL 32202
Telephone: (904) 355-0805
Facsimile: (904) 634-1507
Attorney for Plaintiff

IN THE COUNTY COURT IN AND FOR
THE FOURTH JUDICIAL CIRCUIT
DUVAL COUNTY, FLORIDA

CASE NO.: 16-2011-SC-001125-XXXX-MA
DIVISION: CC-G (CIVIL)

DAVID HUNTER,

    Plaintiff,

vs.

WELLS FARGO BANK, N.A., d/b/a
AMERICA'S SERVICING COMPANY

    Defendant.
_____/

## NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION

**TO:**   Clerk of County Court of Duval County, Florida:

You are hereby notified that Defendant, Wells Fargo Bank, N.A., on the 6th day of May, 2011, filed in the United States District Court for the Middle District of Florida, Jacksonville Division, a Notice of Removal to Federal Court of the above-entitled cause. A copy, without attachments, is attached hereto and made part of the Notice to Clerk, for your information and guidance. This Notice serves to effect full removal of this case pursuant to 28 U.S.C. § 1446(d), thereby precluding this State Court from proceeding further in this case, unless and until this case is remanded hereto by the United States District Court.

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2011, a copy of the foregoing was furnished via first-class U.S. Mail, postage prepaid, to: Max Story, Esquire, 233 East Bay Street,



EXHIBIT B

18931250.1                    1

Suite 920, Jacksonville, Florida 32202.

Respectfully Submitted,

**CARLTON FIELDS, P.A.**
CNL Center at City Commons
450 S. Orange Avenue, Suite 500
Orlando, FL 32801-3336
Telephone: (407) 849-0300
Facsimile: (407) 648-9099

By: _[signature]_

Michael K. Winston, Esquire
Florida Bar No. 051403
mwinston@carltonfields.com
April Y. Walker
Florida Bar No. 0125288
awalker@carltonfields.com
*Counsel for Wells Fargo Bank, N.A.*

18931250.1